IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN F. JOHNSON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | NO. 13-03197 |
| | : | |
| v. | : | |
| | : | |
| JOHN W. KERESTES, et al., | : | |
| | : | |
| Respondents. | : | |

### ORDER

**AND NOW**, this **11th** day of **October, 2022,** upon consideration of the Settlement Agreement [ECF No. 77] and the positions presented to the Court during the September 22, 2022 hearing, the matter is hereby **REFERRED** to the Office of the Attorney General of the Commonwealth of Pennsylvania as amicus curiae on the issues of (1) whether the settlement agreement to be approved by this Court is the appropriate vehicle for consideration by this court; (2) whether relief should be granted on Petitioner's habeas claim; and (3) any other issue relevant to the just disposition of this case.[1]

---

[1] Given that the parties agree that Petitioner has pointed to sufficient constitutional error in his state-court proceedings to warrant habeas relief, the presentation of an additional perspective by an amicus curiae on whether the District Attorney's concession is proper, would be helpful. "A district court has inherent authority to designate amici curiae to assist it in a proceeding." Liberty Resources, Inc. v. Phila. Hous. Auth., 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). "[P]articipation of an amicus [is] especially proper where the amicus will ensure complete and plenary presentation of difficult issues so that the court may

1

The amicus brief must be submitted within 90 days of the date of this Order. The District Attorney's Office is **DIRECTED** to provide a copy of this Order to the Pennsylvania Attorney General. The District Attorney's Office is also DIRECTED to provide copies of all prior statements by all witnesses in the case. Should the Pennsylvania Attorney General decline to file an amicus brief, it shall so **NOTIFY** the Court promptly, and no later than 60 days from the date of this Order. After considering any amicus brief filed by the Pennsylvania Attorney General, the Court will determine the appropriate course of action in this matter.

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

reach a proper decision." Id. The Attorney General of Pennsylvania has the statutory authority, under certain circumstances, to participate in "criminal actions in which there is an appeal." 71 Pa. Stat. § 732-205(c).