**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| KEVIN JOHNSON, | : | CIVIL ACTION |
| | : | (habeas corpus) |
| Petitioner | : | |
| | : | |
| v. | : | NO.  13-cv-03197 |
| | : | |
| JOHN KERESTES, et al. | : | |
| | : | |
| Respondents | : | |

---

**FOURTH AMENDMENT AND SUPPLEMENT
TO PETITION FOR WRIT OF HABEAS CORPUS**

In this Fourth Amendment and Supplement to Petition for Writ of Habeas Corpus, Petitioner, Kevin Johnson, though counsel, raises an additional claim related to his arrest photographs. He incorporates these allegations into his claim of ineffective assistance of counsel.

### Relevant Factual and Procedural History

The factual and procedural background is this case is fully set forth in other pleadings, particularly the 2014 Amendment and Supplement to Petition for Writ of Habeas Corpus, the parties' proposed Settlement Agreement and Compromise, and the parties' October 2022 supplemental briefs. *See* ECF Nos. 36, 77, 84, 85. In short, Mr. Johnson was charged with first-degree murder and robbery arising from the October 8, 1986 shooting of Lyndon Morris. Although the trial court ultimately did not move forward with a penalty hearing, this was tried as a capital case. Mr. Johnson has spent over three decades in prison for a crime he has consistently maintained he did not commit.

Mr. Johnson was convicted based on the testimony of three eyewitnesses—Opal Nickson, James Smith, and Elisha Bennett. All three of those witnesses have since disavowed their identifications of Mr. Johnson and attested to coercion by the police and the trial prosecutor.

A fourth eyewitness, Angelo Smith, also tentatively identified Mr. Johnson to police shortly after Mr. Morris's murder but did not testify at trial. He, too, has disavowed his identification of Mr. Johnson. Further, he attests that he appeared at Mr. Johnson's 1988 trial pursuant to a subpoena from the Commonwealth. When he appeared at trial, he viewed Mr. Johnson in the courtroom and told representatives of the Commonwealth that he could not identify Mr. Johnson as the shooter, and then he was told he did not need to testify and could go home.

Two gunmen committed the robbery and homicide of Mr. Morris. One gunman was armed with a shotgun, and the other was armed with a pistol. The Commonwealth later contended that Mr. Johnson was the man with the pistol.

Within two hours of the shooting, James Smith described the man with the pistol to the police, who recorded his response as follows:

> B/M 6'1", brown skin, thin build about 20-21, both men were about the same age, **he was clean shaven**, he was wearing all black leather to (sic)  I see both of these guys all the time on the streets around 54th & Warrington Ave.

Police Statement of James Smith, Oct. 8, 1986, at 5 (emphasis added).[1]

A few hours later, Angelo Smith described the man with the pistol to the police:

> I don't know if I saw him before, he was a black male, dark complexion, close cut hair, **no mustache or facial hair**, but he had a black gun, a revolver, it was as big as a .38 caliber snub nose. After I saw the gun, that is what I was looking at.

---

[1] Unless otherwise stated, all cited documents appear in the Appendix to the 2014 Amendment. *See* ECF No. 37.

se

Police Statement of Angelo Smith, Oct. 9, 1986, at 2-3 (emphasis added). After looking through a book of mug shots, Angelo Smith selected a photograph of Kevin Johnson and said the person in the photograph "looks like" the man with the pistol but he was "not positive." *Id.* at 4.  Angelo Smith told the police, "[I]f it comes down to where I see him again, I will identify him, he threatened my life to[o]." *Id.* at 5.[2]

Based upon this uncertain identification, Kevin Johnson became the only suspect in the murder. The police then re-interviewed James Smith, and they interviewed Opal Nickson and Elisha Bennett. The police coerced all three witnesses to identify Mr. Johnson's photograph as depicting the man with the pistol. *See* 2014 Amendment at 3–7. Mr. Johnson was arrested the next day—on October 10, 1986.

In these habeas proceedings, Mr. Johnson has alleged that he had a mustache on the date of Mr. Morris's murder, and he sought discovery of his October 10, 1986 arrest photographs in order to prove that he did not match the physical description of the man with the pistol. *See, e.g.*, 2014 Amendment at 7 and n.4.

On May 7, 2019, the Commonwealth disclosed Mr. Johnson's October 10, 1986 arrest photos for the first time. Those photographs were taken approximately 36 hours after the murder, and they clearly show that Mr. Johnson had a mustache.

The Philadelphia Police Department took these arrest photographs and possessed them prior to Mr. Johnson's trial. However, the Commonwealth did not provide this evidence to Mr.

---

[2] Over a year later, when he saw Mr. Johnson in person, Angelo Smith could not identify Mr. Johnson as participating in this crime, and the Commonwealth suppressed that failure to identify. *See* Affidavit of Angelo Smith, June 10, 2014, ¶ 3; Affidavit of Angelo Smith, Aug. 14, 2014, ¶ 3.

Johnson's defense counsel. Furthermore, upon information and belief, the Philadelphia District Attorney's Office had actual possession of these photographs prior to Mr. Johnson's trial.[3]

**Supplement to Claims for Relief**

Mr. Johnson hereby supplements the following claims for relief with the newly-discovered evidence of the October 10, 1986 arrest photographs. These claims have been raised in Mr. Johnson's habeas petition, as previously amended, and are incorporated as if fully set forth herein.

**II.    KEVIN JOHNSON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS WHERE TRIAL COUNSEL FAILED TO SECURE HIS ARREST PHOTOGRAPHS AND USE THEM AT TRIAL.**

Mr. Johnson's October 10, 1986 arrest photographs show him with a defined mustache and thus demonstrate that he did not meet the descriptions of the man with the pistol given by the only two witnesses to comment on whether that person had facial hair. As previously alleged, the Commonwealth suppressed these arrest photographs for decades in violation of *Brady* and its progeny. In the alternative, if the photographs are not *Brady* material, trial counsel's performance was deficient because he did not secure the photographs or use them during trial. Any competent defense counsel would have obtained his client's arrest photographs, taken approximately 36 hours after Morris's murder, to determine whether he did or did not meet the description of the

---

[3] The Commonwealth has informed Mr. Johnson that the photographs it disclosed on May 7, 2019 were obtained from the Police Department's file.

The Commonwealth subsequently permitted Mr. Johnson to view the District Attorney's Office's file ("prosecution file") for Mr. Johnson's case. On February 12, 2020, undersigned counsel viewed the file. On that date, undersigned counsel saw that the prosecution file contains the October 10, 1986 arrest photographs showing Mr. Johnson with a mustache. The photographs in the prosecution file appear to be quite old and were found with other materials related to the 1986 investigation into Mr. Morris's homicide. Mr. Johnson has not yet obtained copies of the arrest photographs from the prosecution file.

perpetrator. This deficient performance prejudiced Mr. Johnson. In a case resting solely on

eyewitness identifications, counsel's failures deprived Mr. Johnson of the ability to impeach key

witness James Smith, to call Angelo Smith as a witness, and to call into question the quality of

the police investigation leading to his identification and arrest. If trial counsel had obtained the

arrest photographs, there is a reasonable probability that the outcome of the trial would have

been different.

## EXHAUSTION AND TIMELINESS

First, Respondents have waived exhaustion and all procedural defenses. *See* ECF No. 77

at 2 n.1, 5.  Second, with respect to this particular ineffective assistance of counsel claim, Mr.

Johnson filed his third amended petition raising actual innocence and *Brady* claims related to the

arrest photographs within one year of the date when the arrest photos could have been discovered

with the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D) (providing a one-year statute

of limitation from "the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence"). Although Mr. Johnson did not

present the claim relating to the arrest photos as an ineffective assistance of counsel claim in the

third amended petition petition, the instant claim as presented relates back to his original *Brady*

claim, as it arises from the same facts and evidence set out in his timely third amended petition.

Under Federal Rule of Civil Procedure 15(c)(1)(B), a party may properly raise a new claim or

defense that would have been barred by the statute of limitations if the claim or defense "arose

out of the conduct, transaction, or occurrence set out – or – attempted to be set out – in the

original pleading." *See Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009). The Supreme

Court has clarified the meaning of "conduct, transaction, or occurrence" in the habeas context,

holding that "[s]o long as the original and amended petitions state claims that are tied to a

common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Because both the instant claim and the original *Brady* claim involve the photos taken of Mr. Johnson shortly after his arrest, and how those photos could have been used to challenge the eyewitness identifications, this claim properly relates back.

Moreover, should the Court determine that any of Mr. Johnson's claims or the amendments thereto were not timely filed, the Court may still reach the merits of the claims in light of Mr. Johnson's actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Respectfully submitted,

/s/ *Claudia Flores*
CLAUDIA FLORES
Assistant Federal Public Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
215-928-1100

/s/ *Nilam A. Sanghvi*
NILAM A. SANGHVI
The Pennsylvania Innocence Project
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-4255

/s/ *David Rudovsky*
DAVID RUDOVSKY
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
215-925-4400

*Counsel for Petitioner, Kevin Johnson*

DATE: March 9, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that this supplemental brief was served on all counsel of record via the

Court's ECF system.

/s/ *Claudia Flores*
Claudia Flores
Assistant Federal Defender
*Attorney for Petitioner, Kevin Johnson*

March 9, 2023